**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-5216**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

         v.

FREDERICK DEVON FLEMING,

              Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  William L. Osteen, Sr., Senior District Judge.  (1:06-cr-00245-WLO)

Submitted:  April 22, 2009          Decided:  March 19, 2010

Before MOTZ, KING, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Eugene E. Lester, III, SHARPLESS & STAVOLA, P.A., Greensboro, North Carolina, for Appellant.  Paul Alexander Weinman, OFFICE OF THE UNITED STATES ATTORNEY, Winston-Salem, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Frederick Devon Fleming pled guilty pursuant to a written plea agreement to possession with intent to distribute cocaine base ("crack"), in violation of 21 U.S.C. § 841(a)(1) (2006). Fleming was sentenced to 132 months' imprisonment. Finding no error, we affirm.

Counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which he asserts there are no meritorious issues for appeal but questions the conviction and sentence. Fleming was notified of his right to file a pro se supplemental brief, but he did not do so. The Government elected not to file a responsive brief.

Initially, counsel contends that Fleming's conviction should be vacated because the confidential informant, who was allegedly on probation, did not have the court's permission to act as an informant. The factual basis proffered by the Government at the Fed. R. Crim. P. 11 hearing, to which Fleming did not object, established that the informant was properly acting at the behest of state law enforcement officers. Thus, Fleming cannot establish any error in this respect. Moreover, we conclude the district court fully complied with Rule 11 as it thoroughly discussed Fleming's right to a trial, the nature of the offense, and the applicable punishment, in addition to ascertaining that a factual basis supported the offense.

Counsel next contends that a category of VI over-represented the seriousness of Fleming's criminal history because fifteen of the twenty-four points imposed were the result of driving with a revoked license. As Fleming did not object to the calculation of his criminal history in the district court, review is for plain error. See United States v. Branch, 537 F.3d 328, 343 (4th Cir. 2008), cert. denied, 129 S. Ct. 943 (2009). To establish plain error, the defendant must show that an error occurred, that the error was plain, and that the error affected the defendant's substantial rights. United States v. Olano, 507 U.S. 725, 732-34 (1993).

The district court properly calculated Fleming's criminal history category. Our review of the Presentence Investigation Report ("PSR") also shows that Fleming has twenty-four prior criminal convictions, seven of which contributed to the criminal history points. Two of the prior convictions were for drug—related offenses, and one of those involved possession with intent to distribute crack. Thus, application of U.S. Sentencing Guidelines Manual § 4A1.3(b) (2005), based upon an over—representation of criminal history, clearly was not merited.

Counsel also asserts that the district court erred in failing to consider the sentencing disparity between crack and powder cocaine. At the time of Fleming's sentencing hearing on

3

November 15, 2006, this court's precedent did not allow district courts to consider the disparity created by the 100:1 crack to powder cocaine ratio in determining an appropriate sentence. See United States v. Eura, 440 F.3d 625, 632-34 (4th Cir. 2006). However, the Supreme Court determined that "the cocaine Guidelines, like all other Guidelines, are advisory only" and, in doing so, overruled Eura. Kimbrough v. United States, 552 U.S. 85, 91 (2007). The Court stated that "it would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence 'greater than necessary' to achieve § 3553(a)'s purposes, even in a mine-run case." Id. at 110.

Since Fleming did not object to his sentence in the district court, review is for plain error. See Branch, 537 F.3d at 343. Assuming the court's failure to consider the crack/powder disparity constitutes error that was plain, it must still be established that the error affected the defendant's substantial rights. See id. We previously have "concluded that the error of sentencing a defendant under a mandatory guidelines regime is neither presumptively prejudicial nor structural," thereby requiring a showing of "actual prejudice." United States v. White, 405 F.3d 208, 223 (4th Cir. 2005). Thus, to satisfy the requirements of the plain error standard, the burden is on the defendant to establish that the error "affected the

4

outcome of the district court proceedings." Id. (internal quotation marks and citation omitted). Because the record does not reveal a nonspeculative basis for concluding that the district court would have imposed a shorter sentence had it known it possessed discretion to do so, we conclude Fleming cannot demonstrate that the district court's failure to consider the crack/powder disparity affected his substantial rights.

Finally, counsel contends that Fleming's trial counsel provided ineffective assistance. An ineffective assistance of counsel claim generally is not cognizable on direct appeal, but should instead be asserted in a post-conviction motion under 28 U.S.C.A. § 2255 (West Supp. 2008). See United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999). However, we have recognized an exception to the general rule when "it 'conclusively appears' from the record that defense counsel did not provide effective representation." Id. (quoting United States v. Gastiaburo, 16 F.3d 582, 590 (4th Cir. 1994)). Because the record does not conclusively establish that counsel was ineffective, the claim is not cognizable on direct appeal.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for

appeal.* Accordingly, we affirm the judgment of the district court. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are

---

* Notably, acting sua sponte, we twice placed this case in abeyance pending decisions that were potentially favorable to Fleming, including our recent decision in United States v. Lynn, 592 F.3d 572, No. 08-5125(L) (4th Cir. Jan. 28, 2010). Ultimately, however, Fleming is not entitled to any relief under Lynn. In one of the cases consolidated for decision therein (No. 08-5132), the defendant, Avery Peake, posed no objections to the PSR and requested a sentence within his advisory Guidelines range. Lynn, slip op. at 12-13. Thus, we reviewed for plain error Peake's assertion that the district court committed procedural error by failing to consider the required sentencing factors and offer an adequate explanation for the sentence imposed. See id. at 4, 12-13. We determined that, even assuming the court committed clear error, Peake had not shown that the error had a prejudicial effect on the sentence imposed, in that "[h]is attorney's arguments before the district court urged that court only to impose a sentence within the Guidelines range, which it did." Id. at 13. Similarly, Fleming's lawyer agreed with the PSR and urged a within-Guidelines sentence, and the district court imposed such a sentence. As such, Fleming cannot show that any procedural error committed by the court in failing to adequately explain the chosen sentence was prejudicial, and we must affirm Fleming's sentence on plain error review.

6

adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED